# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| THE CONTINENTAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. 2:15-CV-70 |
| MORRISON CONSTRUCTION CO., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on June 11, 2015. For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

On February 25, 2015, The Continental Insurance Company ("Continental") filed this declaratory judgment action against Morrison Construction Co. ("Morrison"). Continental requested a declaratory judgment that an employer liability insurance policy issued by Continental to Morrison does not provide coverage for a suit brought against Morrison by Kenneth G. Wilkening and Betty Jo Wilkening ("the Wilkenings"). Continental alleged that this Court had diversity jurisdiction over the suit pursuant to 28 U.S.C. section 1332.

According to Continental's declaratory judgment complaint, the Wilkenings' complaint arose from Kenneth Wilkening's alleged exposure to asbestos while working for Morrison between 1966 and 1967. Kenneth Wilkening alleged that he suffered "severe, painful and disabling injuries and illnesses to his lungs and body and other injuries and illnesses." (DE #1 at 2). Continental's complaint stated that it believed that the Wilkenings were seeking damages in excess of $50,000. Continental asked for a ruling declaring that Continental has no obligations to defend or indemnify Morrison against the Wilkening complaint and for attorney's fees and costs. (DE #1 at 8).

Morrison filed a motion to dismiss Continental's declaratory judgment suit for lack of subject matter jurisdiction, but that motion became moot when Continental was granted leave to file an amended complaint. Continental's amended complaint is similar to its first complaint, except that it seeks reimbursement for certain defense costs which Continental inadvertently paid to Morrison due to a clerical error. (DE ##9-10). The amended complaint also notes that, after the filing of the first complaint, Continental advanced Morrison $214,000 to settle the Wilkenings' claims, contingent upon its return upon the Court's determination that Continental did not have an obligation to defend and indemnify Morrison against the Wilkenings' claims. (DE #10 at 4).

In response to the amended complaint, Morrison filed the instant motion to dismiss. Morrison contends that this Court lacks

subject matter jurisdiction because Continental cannot demonstrate that the amount in controversy exceeds $75,000. More specifically, Morrison notes that the amount discussed in settlement negotiations in the underlying claim, together with Morrison's defense costs, fell below the jurisdictional amount at the time Continental filed this action. The motion is fully briefed and ripe for adjudication.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1)[1], a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). The party asserting jurisdiction has the burden of establishing that the cause lies within the federal court's limited jurisdiction. *Id.* Furthermore, this Court has an obligation to ensure that it has proper subject matter jurisdiction over each lawsuit that is brought in this Court. *See Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005).

---

[1] Defendant's motion, although titled as a "12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction," references 12(b)(6) and requests dismissal with prejudice. This Court will presume this was a mere typographical error, and Morrison, consistent with its memorandum, seeks a without prejudice dismissal based on Rule 12(b)(1).

In order to avoid dismissal for lack of subject matter jurisdiction, a plaintiff must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). Continental alleges this Court has diversity jurisdiction over its suit. Diversity jurisdiction, pursuant to 28 U.S.C. section 1332, requires complete diversity of citizenship between the plaintiffs and the defendants and the proper amount in controversy (more than $75,000). *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). The parties agree that the diversity of citizenship requirement is met, but dispute whether the amount in controversy requirement is met.

In the Seventh Circuit:

> [t]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001), or in the event of removal, on day the suit was removed, *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).

*Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). This Court's inquiry will be limited to the amount in controversy on the day the suit was initially filed. Because this is a declaratory judgment action, "the amount in controversy is determined by the value of the object of the litigation." *America's Moneyline Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004).

The Wilkenings filed suit against Morrison and others on December 31, 2013. (DE #5-1). The complaint alleged multiple claims against Morrison, including unseaworthiness, negligence, willful failure to conduct maintenance, and loss of consortium. (*Id.*). For each count, the Wilkenings represented that they sought compensatory damages in an amount to be proved at trial, but believed to exceed $50,000. (*Id.*).

In January 2014, Morrison notified Continental of the suit and demanded defense and indemnity coverage. (DE #12 at ¶9). In late January, Continental denied the requested coverage. (DE #12 at ¶10). Prior to August 8, 2014, Morrison filed a summary judgment motion claiming that the Wilkenings' only viable claim against Morrison was through worker's compensation. (DE #5-2). According to a letter drafted by one of Morrison's attorneys on August 8, 2014, prior to the hearing on the summary judgment motion, Wilkenings' attorney made a demand of $214,000. (DE #5-2). This number was arrived upon by assessing the value of the potential recovery under the worker's compensation system. (*Id.*). Morrison's attorney speculated that the Wilkenings would accept a considerably lower number. (*Id.*).

On August 18, 2014, Donald Rutz (Morrison's broker) sent an email to Jenny Vanacker (Continental's representative) and Ken Novak (a Morrison employee) relaying the Wilkenings' settlement demand and requesting that Continental defend against the claim and contact Morrison's defense attorney to further discuss the

resolution of the Wilkenings' claim. (DE #16-4 at 5). Morrison also indicated that, if Continental continued to deny the claim, they would be forced to proceed with a declaratory judgment action. (*Id.*).

On January 23, 2015, Morrison again demanded that Continental defend against the Wilkenings' claims. (DE #16-5). Morrison's attorneys represented that they had been authorized to file a declaratory judgment action against Continental seeking defense, indemnity, and all other available damages, including damages for bad faith. (*Id.*).

On February 6, 2015, Morrison's attorneys provided an update of the status of pending claims they were defending Morrison against, including the Wilkenings' claims. That update provided the following:

> Morrison has filed a Summary Judgment Motion which remains pending. We have been engaging with Plaintiff's counsel concerning a resolution of this case. We are awaiting a response from Plaintiff's counsel concerning whether or not his client intends to dismiss Morrison and perhaps file a claim under Indiana's Workers Compensation or Occupational Disease laws, or may request that Morrison make a relatively small settlement offer.

(DE #5-4 at 3).

Jenny Vanacker, a Continental representative, was included in this email. In its reply brief, Morrison summarizes the above statement as "stating that after Morrison filed its motion for summary judgment, Plaintiff would either dismiss Morrison from the

6

case or settle with Morrison for a nominal amount." (DE #17 at 9). That is, at best, a favorable interpretation of the above quote.

Matthew Vena, Safety Manager at Morrison, indicates that one of Morrison's attorneys (Attorney Smith) advised him sometime before February 24, 2015 that the Wilkenings' claims could be settled for nuisance value. (DE #5-5 at ¶¶1-5). He further indicates that, before February 24, 2015, he authorized Smith to settle the Wilkenings' claims for up to $20,000. (*Id.* at ¶6). After February 24, 2015, the Wilkenings responded to Morrison's initial settlement offer of $4,000 with a demand of $20,000. (*Id.* at ¶7).

This declaratory judgment suit was initially filed on February 25, 2015. (DE #1). At or near that time, Continental also advanced Morrison $214,000 to settle the Wilkenings' claims, under a reservation of rights continent upon the return of the money if the Court determines Continental was not obligated to provide any defense or indemnity coverage for the Wilkenings' claims. (DE #16-6).

On April 24, 2015, the Wilkening action settled for $10,000. (DE #5-5). Based on these facts, Morrison contends that Continental's potential liability at the time this action was filed was no more than $20,000, and that its legal fees at the time were

approximately $32,940.94^2$, for a combined total of $52,940.94.

Because Morrison has called Continental's allegations regarding the amount in controversy into question, Continental must prove its jurisdictional facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). If Continental succeeds, then Morrison must demonstrate to a legal certainty that the claim is really for less than the jurisdictional amount to prevail on the instant motion. *Id.* at 541; *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.").

Morrison claims that Continental cannot meet its burden of demonstrating that the jurisdictional amount is satisfied because "it was aware the value of the underlying case was far below the jurisdictional amount." (DE #15 at 4). Based on the facts presented, this Court respectfully disagrees. The Wilkenings' complaint indicated they sought damages in excess of $50,000. The Wilkenings had made a demand of $214,000 shortly before this suit was filed. And, prior to the suit being filed, Morrison and its attorney valued the case at no more than $20,000. The status update provided to Jenny Vanacker by Morrison's attorneys does not

---

[2]Morrison submitted a portion of these fees to Continental for payment despite Continental's indication that defense costs would not be paid. Due to a clerical error, they were paid, and Continental now seeks reimbursement of those amounts.

8

demonstrate that this case would, with any certainly, either be dismissed or settle for nuisance value. At best, the notes establish that Morrison's attorneys were hopeful they could convince the Wilkenings to either dismiss their claims or settle for nuisance value.

What Continental knew at the time this suit was filed was that the Wilkenings were seeking in excess of $50,000, that the Wilkenings had made a demand of $214,000, that Morrison and its attorneys felt confident it would settle for a good deal less than $214,000, and that substantial defense costs had been incurred and would likely continue to accrue in the months to come. This is enough to satisfy Continental's burden of demonstrating by a preponderance of the evidence that the amount in controversy at the time the suit was filed exceeded $75,000.

Morrison argues that the Court should nonetheless find subject matter jurisdiction lacking because, as a matter of legal certainty, the amount in controversy could not exceed $75,000. According to Morrison, the amount in controversy was, at most, $52,940.94 ($32,940.94 in defense costs and a maximum $20,000 settlement amount). This argument is wholly unfounded - at the time this suit was filed, Continental did not (so far as this Court can determine) have information establishing that the settlement value of the case was no more than $20,000 or even that Morrison's attorneys had so valued the case. And, Morrison's valuation of the case is only one factor to consider in determining the amount in

controversy at the time this suit was filed. It must be considered together with the complaint itself, the Wilkenings' settlement demand, and Continental's decision to advance $214,000 to Morrison to settle the claim. Neither continental nor Morrison knew with any certainty that the case would settle in April, preventing additional defense costs from accruing. Accordingly, Morrison's argument fails.

Continental made other arguments to support its claim that the amount in controversy is satisfied. Namely, Continental argued that the amount in controversy requirement is met because Morrison placed the validity of certain policies in issue, and the amount in controversy should be measured by the limits of the policy rather than the value of the underlying claim. Similarly, Continental noted that Morrison threatened to bring a bad faith claim, and that their declaratory judgment action would resolve any issues of bad faith, so damages for bad faith are properly considered as part of the amount in controversy. Because the amount in controversy requirement is satisfied even without considering either the limits of the policy or damages associated with a possible bad faith claim, this Court need not address these arguments. A case filed in federal court should remain there "unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *See Meridian,* 441 F.3d at 542. Accordingly, Morrison's motion fails.

CONCLUSION

For the reasons set forth above, the motion to dismiss is **DENIED.**

**DATED: March 8, 2016**              /s/RUDY LOZANO, Judge
                                      **United States District Court**